Judge Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DAVID LEE EISENHART, <br><br> Defendant. | NO. CR18-5146BHS <br><br> UNITED STATES' OPPOSITION TO MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE [Dkt. 4] |

## I.     INTRODUCTION

On February 22, 2017, United States District Judge Geoffrey W. Crawford (District of Vermont) sentenced David Lee Eisenhart to 12-month-and-one-day term of imprisonment, followed by three years of supervised release. *United States v. Eisenhart*, CR15-173 [Dkt. 32]. Mr. Eisenhart was released from prison on or about February 13, 2018, and began serving his term of supervised release.

On February 26, 2019, Mr. Eisenhart filed a *pro se* Motion to Terminate Remaining Supervised Release Term. Dkt. 4. In his motion, Mr. Eisenhart states that he is not seeking a hearing before the Court, and opines that he is deserving of early termination because he has "served the requisite year on supervision" and because since release from prison, his conduct "personifies change, cooperation, and absolute

UNITED STATES' OPPOSITION TO EARLY TERMINATION OF
SUPERVISED RELEASE (*United States v. Eisenhart*, CR18-5146BHS) - 1

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

compliance." For the following reasons, the United States opposes early termination of Mr. Eisenhart's supervised release.

## II. LEGAL STANDARD

Termination of supervised release is governed by Title 18, United States Code, Section 3583(e)(1), which provides in part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)-
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice ….

The statute gives the Court "broad discretion to alter the conditions of a defendant's supervised release." *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000). "Occasionally, changed circumstances – for instance, *exceptionally* good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier,* 104 F.3d 32, 36 (2nd Cir. 1997) (emphasis added). In short, mere compliance with the terms of supervised release is not the sort of "changed circumstance" that warrants early termination.

## III. ARGUMENT

Mr. Eisenhart has not alleged any exceptional or extraordinary circumstances that would warrant early termination. Instead, he points to two actuarial studies, the nine general criteria for early termination, and a presumption in favor of recommending early termination for those who have been supervised for at least 18 months. Of note, Mr. Eisenhart has been supervised for approximately 13 months.

The apparent driving force behind his motion for early termination is a purported employment opportunity in Reno, Nevada, with EuroCycle LLC, a chain of motorcycle dealerships.  Mr. Eisenhart wishes to give up his current employment with Pacific Bath Company, which he acknowledges is a "great opportunity," to "pursue his passion."  Mr. Eisenhart bemoans the fact that he will be 50 years old soon – in 2022, when he is no longer on supervised release – and intimates that, if the Court does not grant his motion, he will have to spend "the next 20 years" working at his current job, which "does not sit well with him."  He does not state how concrete the job opportunity is, whether he has discussed it with his Probation Officer, whether the Probation Officer is supportive of the opportunity (or his motion), and whether he has inquired into the possibility of transferring his supervision to the District of Nevada.

Moreover, Mr. Eisenhart acknowledges that he still owes more than $15,000 in restitution to one of the victims of his underlying fraud scheme.

In short, nothing in Mr. Eisenhart's motion presents an exceptional or extraordinary reason why the Court should terminate his supervised release.  The United States opposes the motion.

DATED this 12th day of March, 2019.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/ Marci L. Ellsworth*
MARCI L. ELLSWORTH
Assistant United States Attorney
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Phone: (253) 428-3800
Fax: (253) 428-3826
E-mail: marci.ellsworth@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

          /s/ Lisa Crabtree
LISA CRABTREE
Paralegal
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Telephone: (253) 428-3800
Fax: (253) 428-3826
E-mail: Lisa.Crabtree@usdoj.gov

UNITED STATES' OPPOSITION TO EARLY TERMINATION OF
SUPERVISED RELEASE (*United States v. Eisenhart*, CR18-5146BHS) - 4

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800