

**United States Probation and Pretrial Services**
*Western District of Washington*

**Connie M. Smith**
*Chief*

**Monique D. Neal**
*Deputy Chief*

# MEMORANDUM

| | |
|---|---|
| Date: | March 18, 2019 |
| To: | The Honorable Benjamin H. Settle, United States District Judge |
| From: | Todd A. Willson<br>United States Probation Officer |
| Subject: | David Eisenhart<br>Case Number: 3:18CR05146BHS<br>**STATUS REPORT IN RESPONSE TO MOTION FOR EARLY TERMINATION** |

## STATUS:

On February 22, 2017, Mr. Eisenhart was sentenced in the District of Vermont by The Honorable Geoffrey W. Crawford to 12 months and a day, following his guilty plea to Bank Fraud, in violation of 18 U.S.C. §1344. Mr. Eisenhart also received three years of supervised release. In addition to the standard conditions of supervised release, the Court ordered that he must make restitution payments of at least 10% of his gross monthly income (restitution ordered $68,212.51), not incur new credit charges or open additional lines of credit without approval of the probation officer, permit access to requested financial information, file complete and accurate tax returns, and submit to a search of his person, property, house, residence, vehicle, papers, and computer.

On February 13, 2018, supervised release commenced in this district. It is scheduled to terminate on February 12, 2021.

On April 16, 2018, Your Honor accepted a transfer of jurisdiction from the District of Vermont to this district.

On October 18, 2018, in the District of Vermont a motion was signed by The Honorable Geoffrey W. Crawford agreeing to allow allocation of $30,000 of restitution to New England Federal Credit Union and his obligation to New England Federal Credit Union be reduced to zero. The original amount was $51,311.45 to New England Federal Credit Union. He also paid $1,646.06 to Wilkins Harley-Davidson, paying that restitution in full.

## ADJUSTMENT AND EVALUATION:

Mr. Eisenhart has performed well on supervision during the last 13 months. He has paid $31,896.06 toward restitution, completely paying off two of the three victims. He currently has a balance of $15,251.86 that he thought was included in the offer of compromise previously approved. Mr. Eisenhart is currently working with an attorney to have this amount absolved. If unsuccessful, he understands he will be required to pay the remaining amount.

The Honorable Benjamin H. Settle, United States District Judge  
RE: David Eisenhart, CR05146BHS

Page 2  
March 18, 2019

In March 2018, Mr. Eisenhart supplied me with an employment offer from Eurocycle of Reno to be their General Manager. He was not allowed to take the job at that time because the District of Nevada will not permit individuals to transfer to their area when there are no established ties to the community. I advised Mr. Eisenhart he could try and rent an apartment there first and then submit a transfer request. I subsequently discussed this possibility with one of the supervisors in the District of Nevada, who advised they have 30 days to complete any investigation request and based on Mr. Eisenhart's circumstances it was unlikely they would accept his case.

According to Mr. Eisenhart, his employment offer with Eurocycle of Reno remains intact. I requested he provide me with a formal document substantiating the employment offer. On March 16, 2019, I received a new letter from Eurocycle with an offer of employment. I have included the most recent letter for the Court's review. It appears this is potentially a great employment opportunity for Mr. Eisenhart.

According to the Post-Conviction Risk Assessment (PCRA), he is classified at the lowest level to re-offend. It also does not identify any significant dynamic risk factors at this time.

In essence, Mr. Eisenhart has completed just over one year of a three-year term of supervised release. He has incurred no violations of supervision, arguably paid all restitution, has been established in the community and employed. He now faces the prospect of gaining more lucrative employment in another district, but potentially may not be approved to transfer supervision due to the other district's prohibitions and requirements.

I understand the government is opposed to the early termination request as Mr. Eisenhart has not demonstrated an exceptional circumstance warranting such a request and filed a response to Mr. Eisenhart's motion outlining their position. However, we would remiss in not pointing out that the Adminstrative Office of the Court has provided the probation office with an opinion written by their Assistant General Counsel dated May 12, 2009. In short, their opinion on early termination requests states that "exceptional conduct" is not required to justify early termination, rather the Court must only be satisfied that the early termination request is warranted and in the interest of justice. The opinion goes on to say the Court can and should then consider the nine criteria typically associated with evaluating an individual.

In Mr. Eisenhart's case, the probation office would argue he has met all criteria typically considered by the Court. He has successfully reintegrating back into his community in establishing a residence and employment; he is in compliance with all conditions of supervision; there is no aggravated role identified in the presentence report for the underlying offense; he has no history of violence; he has no recent arrests or convictions, in fact, his only criminal history item is the instant offense for which he is being supervised; there is no evidence of any mental health issues; and there both no identifiable risks to the safety of any victim or public safety.

Granted, the potential for restitution still owing is a possibility, but he has shown good faith thus far in paying off any restitution owed, and I do not believe there is any reason to believe he would not continue to do so should that be required in the future. In addition, as the Court is aware, the Financial Litigation Unit will monitor this should restitution remain an obligation for Mr. Eisenhart.

**RECOMMENDATION:**

Based on all of these factors, including compliance with his conditions, his current potential employment opportunity, and his exceptional progress in paying restitution, I would recommend that his supervised release be terminated.

The Honorable Benjamin H. Settle, United States District Judge  
RE: David Eisenhart, CR05146BHS

Page 3  
March 18, 2019

I swear under penalty of perjury that the foregoing is true and correct.

APPROVED:  
Connie Smith  
Chief United States Probation and Pretrial Services Officer

Executed on this 18th day of March, 2019.

BY:

*Todd Willson*  
Todd A. Willson  
United States Probation Officer

*Jill E. Fulton*  
Patrick E. Robertson  
Supervising United States Probation Officer

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☑ Judicial Officer approves early termination  
☐ Judicial Officer denies early termination  
☐ Other

_____  
Signature of Judicial Officer

28 March 2019  
Date